Frederick W. Loomis, J.
The defendant was convicted of operating a motor vehicle on the highways of this State while his license was revoked in violation of subdivision 6 of section 70 of the Vehicle and Traffic Law of the State of New York. The conviction occurred on July 14, 1960 before a jury in a Court of Special Sessions of the Town of Unadilla, Otsego County, New York.
Upon the trial it appeared that the defendant did operate a truck on the highways of this State; that he did so possessing only an operator’s license issued by the State of Alabama; and that the truck being operated by him at the time was registered in his name in the State of Alabama. Without too much controversy, it appeared that the defendant was an actual resident of the State of New York. He had a home at Sidney, New York; his family resided there; and in fact he voted from there in the 1959 election. It further appeared upon the trial that the defendant had previously had a New York operator’s license, but that it had been revoked in 1954 because of a series of violations of the Vehicle and Traffic Law. It further appeared by the defendant’s testimony that he had a place of business in the State of Alabama; that he owned the truck in question, that it was used in connection with and garaged at such place of business and *219 that he was compelled to register the vehicle in the State of Alabama. He further testified that he only operated the vehicle in interstate commerce. This testimony was uncontradicted.
It is the defendant’s contention that, under the provisions of section 51 of the Vehicle and Traffic Law exempting certain nonresident owners and operators from the requirement of a New York State registration of a vehicle and a New York State operator’s license, he was operating legally at the time of his arrest; that the People failed to prove him guilty beyond a reasonable doubt and that the information should have been dismissed as a matter of law at the close of the evidence; and further that the verdict should have been set aside as being against the weight of the evidence.
Subdivision 1 of section 51 of the Vehicle and Traffic Law provides generally that a motor vehicle owned by a nonresident of this State need not be registered in this State, if it is properly registered in the State where the nonresident resides. Subdivision 2 of that section generally provides that a nonresident of this State over 18 years of age is exempt from the requirement that he have a New York State operator’s license if he has complied with the laws of the State of his residence with respect to such operator’s license. Both of these subdivisions provide that they shall be operative only to the extent that the law of the other State grants a similar privilege of exemption to residents of this State.
The controversy here arises from the interpretation of the second paragraph of subdivision 1 of said section 51 of the Vehicle and Traffic Law which reads as follows (italics mine): “ A person, firm, association or corporation having a place of business in a foreign country, state, territory or federal district and owning a motor vehicle, motor cycle or trailer used in connection with and garaged at such place of business which such owner is compelled to register in such foreign jurisdiction shall be deemed a resident of such foreign jurisdiction and a nonresident of this state within the meaning of tins section for the purpose of enjoying the privileges of this section with respect to such vehicle.”
It is to be noted that this paragraph is to be found only in subdivision 1 of this section. That subdivision is only concerned with the registration of a vehicle and, except for the question of the application of this paragraph, is not otherwise concerned with the license of operators of vehicles, the latter being provided for only in subdivision 2 of the section. In other words, does the provision that it shall be deemed that an owner of a vehicle is a nonresident of this State, if he has a place of busi *220 ness in another State, owning a motor vehicle used in connection with and garaged at such place of business which he is compelled to register in the foreign State, apply to the owner’s operator’s license. Since the paragraph is included only within that portion of the section which treats with the registration of vehicles, it would at first seem that the questioned paragraph applies only to that subdivision. However, the paragraph does state that such a person shall be deemed a nonresident of this State ‘1 within the meaning of this section for the purpose of enjoying the privileges of this section with respect to such vehicle.” Thus, the Legislature has clearly stated that such paragraph shall apply to the section. Throughout section 51, there are further exemptions and exceptions and the Legislature has specified the particular ‘ ‘ subdivision ’ ’ to which such exemptions apply. I, therefore, assume that if the Legislature had intended the paragraph in question to refer only to subdivision 1 of the section, they would have so stated. I, therefore, hold that the quoted paragraph applies to subdivision 2 of that section, as well as to subdivision 1.
However, it should be noted that the paragraph quoted states that such benefits shall apply to such a person for the purpose of enjoying the privileges of this section “ ivit'h respect to such vehicle.” Since I have concluded that the questioned paragraph applies to the entire section and since the defendant was operating a vehicle registered in accordance with subdivision 1, I, therefore, conclude that he was operating in compliance with section 51 of the Vehicle and Traffic Law and cannot be guilty of unlawfully operating in the State of New York while his license was revoked. The finding might be different, in view of the wording of the section, if the defendant had not in fact been operating a vehicle to which this section applied at the time of the alleged violation.
If the benefit of section 51 is to be extended to the defendant, he does not lose that benefit by reason of the fact that his New York State operator’s license had been revoked because more than one year had elapsed since such license was revoked, it being so provided in subdivision 3 of section 51 of the Vehicle and Traffic Law.
I, therefore, find that the defendant’s conviction should be reversed as a matter of law and the information dismissed.